FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS 20 JUL 24 AM 11:01

U.S. DISTRICT COURT
DISTRICT OF MASS.

JAMES HARDY,
    Petitioner,

CASE NO.

V.

UNITED STATES OF AMERICA,
    Respondent.

## PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255

### RELIEF SOUGHT

Petitioner, James Hardy, Pro Se, MOVES this Court pursuant to 28 U.S.C. § 2255, vacate Judgment entered on April 8, 2019 and reinstate Judgment to allow Petitioner file a timely Notice of Appeal.

Specifically, Petitioner seeks an ORDER from this Court vacating his judgment based on ineffective assistance of Counsel, for Counsel's failure to file a Direct Appeal when instructed to do so by Petitioner. Petitioner seeks the Court reinstate the Judgment and appoint Counsel to represent him on Direct Appeal.

-1-

## GROUNDS FOR RELIEF

1. Counsel provided ineffective assistance by failing to file a Direct Appeal after he was instructed to do so by Petitioner.

2. Under 28 U.S.C. § 2255(a), a federal prisoner may move for post-conviction relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States." The Sixth Amendment guarantees criminal defendant's the right to effective assistance of counsel. U.S. Const. amend VI.

3. The timeliness of a Section 2255 motion is governed by section 2255(f) which provides"

> "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final.

4. The First Circuit has held "that section 2255(f) is non-jurisdictional" and the one-year limitation period "is subject to equitable tolling in appropriate instances." see Ramos-Martinez v. United States, 638 F.3d 315, 321, 322 (1st Cir. 2011).

5. One exception is that "if a prisoner does not seek direct review in the Supreme Court, the Conviction is final when" "the time for filing certiorari petition expires. (quoting Clay v. United States, 537 U.S. 522, 527 123 S. Ct. 1072 155 L. Ed 2d. 88 (2003).

6  Here, the period of limitations began to run on or about April 8, 2019 for Petitioner to seek certiorari from the Supreme Court. Adding the 90 day time for filing a certiorari Petition to the Supreme Court moves the limitation beginning date to July 8, 2019  Petitioner placed his 2255 Motion in the institutional mailbox on July 6, 2020. Thus, Petitioner's 2255 motion is timely.

7  "A defendant claiming ineffective assistance must show (1) that counsel representation fell below an objective standard of reasonableness, and (2) that counsel deficient performance prejudiced the defendant." Escudero-Apante v. United States, 65 F. Appx 333  334 (1st Cir. 2003) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 476-77 120 S.Ct 1029, 145 L.Ed. 2d. 985 (2000).  This test applies when a defendant is claiming that his counsel was ineffective for failing to file a notice of appeal.

8. In Flores-Ortega, the Supreme Court laid out a multi-part test. First, the Court must determine if the defendant gave his counsel any express instructions as "a lawyer who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable." 528 U.S. at 477.

9  In the instant matter, Petitioner plead guilty to 15 to 21 months (projected guideline range). Prior to sentencing, Petitioner

found out he was categorized as a career criminal. Petitioner consulted with Counsel and it was understood if the Court sentenced Petitioner over 30 months, Counsel was to file an Appeal. After the Court considered 3553 factors the Court sentenced Petitioner to 48 months based on the career offender status. Directly after being sentenced, Petitioner again instructed Counsel to file a Direct Appeal.

10. Based on Counsel disregarding specific instructions from Petitioner to file a direct appeal, Counsel acted in a manner that was professionally unreasonable.

I declare under penalty of perjury that the above statements are true and correct to the best of my knowledge, information, and belief. I called to testify in this matter, I could, and would competently testify to each fact stated herein.

RESPECTFULLY SUBMITTED
BY PETITIONER, PRO SE

7-6-20
DATE:

*James L. Hardy*
James Hardy

-4-